FILED

JAN 1 8 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE UNITED STATES OF AMERICA,

        Plaintiff,

                                            CV.10-1367-PK

                                            FINDINGS AND

v.                                           RECOMMENDATION

911 MANAGEMENT, LLC;
DANIEL DENT,

        Defendants.
_____

PAPAK, Judge:

       The United States of America ("United States") brings this action against 911

Management, LLC ("911 Management") and its manager Daniel Dent, proceeding *pro se*, arising

out of their failure to honor tax levies issued by the Internal Revenue Service ("IRS").  The

United States alleges that, pursuant to 26 U.S.C. §6332, 911 Management and Dent are liable to

the United States for the value of property they failed to surrender under the tax levies and for an

Page 1 - FINDINGS AND RECOMMENDATION

additional 50% penalty on that amount for refusing to honor the levies without reasonable cause. This court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402. Now before the court is Dent's motion to dismiss for failure to join an indispensable party (#3). I have considered all of the parties' submissions in the matter. For the reasons discussed below, the motion should be denied.

## BACKGROUND

The tax levies at issue in this suit relate to unpaid federal income tax liabilities of Thomas and Kathy Weathers from tax years 1996 and 1998-2006. In 2004, the Weathers were indicted on six counts of federal criminal tax violations, including tax evasion in 1996 and failure to file tax returns from 1998 through 2002. *911 Mgmt., LLC v. United States*, 657 F. Supp. 2d 1186, 1188 (D. Or. 2009). The next year, in June 2005, both were convicted on all counts. *Id.* In October 2005, just days after Thomas Weathers was sentenced to sixty months in prison, the Weathers formed 911 Management, LLC, a Washington entity. *Id.* at 1187-89. Through a series of written and oral agreements, the Weathers effectively rerouted their previous income from managing properties in Oregon and Washington to 911 Management. *Id.* 1195-96. Defendant Daniel Dent served as the manager of 911 Management. *Id.* at 1188-89, 1200-01. Starting at least in January 2006, 911 Management made regular member distributions of over $5,000 per month to Kathy Weathers. *Id.* at 1203-07; (Compl., #1, ¶10.) 911 Management also made various payments on behalf of the Weathers for items such rent, car repairs, and charitable contributions. *Id.* at 1203-07.

The United States' complaint alleges that the IRS attempted to collect the Weathers' unpaid taxes through several methods. Initially, the IRS issued assessments for unpaid federal

Page 2 - FINDINGS AND RECOMMENDATION

income taxes owed by the Weathers; the IRS made a single assessment on unpaid 1996 taxes in November 1997 now totaling over $41,000, and multiple assessments on unpaid 1998-2006 taxes in November 2007 now totaling over $71,000. (Compl., #1, ¶¶5-7.) Pursuant to the Internal Revenue Code, the IRS assessments simultaneously created tax liens in favor of the United States against all property and rights to property belonging to the Weathers. *Id.* at ¶9. Despite notification and demands for payment, the Weathers failed to respond. *Id.* at ¶¶6,8.

Next, the IRS levied against 911 Management's bank account at U.S. Bank, asserting that 911 Management held property as the nominee and alter ego of Thomas and Kathy Weathers. *911 Mgmt., LLC*, 657 F. Supp. 2d at 1187. Although 911 Management contested the levy by initiating a wrongful levy action, the district court granted summary judgment in favor of the United States, ruling that 911 Management was indeed the nominee and alter ego of Thomas and Kathy Weathers. *Id.* at 1214-1215.

Finally, the IRS levied the income, wages, and other salary that 911 Management paid to the Weathers and Kathy Weathers individually. The present lawsuit concerns these levies. On February 20, 2008, the IRS served Dent with a notice of levy demanding the surrender of all existing and future income that 911 Management was obligated to pay to the Weathers, as well as surrender of a monthly real estate rent obligation that 911 Management paid on the Weathers' behalf. (Compl., #1, ¶¶ 11-12.) On April 1, 2008, the IRS served Dent with final demands for payment, which warned that if 911 Management did not pay, the IRS could sue 911 Management and Dent under 26 U.S.C. § 6332 for failure to honor the levies. *Id.* at ¶¶13,16. Approximately two and a half years later, in November 2010, the United States filed this action against 911 Management and Dent. (Compl., #1.) In December 2010, Dent filed the present motion to

Page 3 - FINDINGS AND RECOMMENDATION

dismiss for failure to join the Weathers as indispensable parties.  (#3.)  Most recently, on January

12, 2011, this court granted the United States' motion for entry of default against 911

Management for failure to plead or defend against the United State's complaint.  (#13.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to move to dismiss an

action based upon a plaintiff's failure to join a nonparty whose participation is required under

Rule 19.  Fed. R. Civ. P. 12(b)(7).  Rule 19 provides in relevant part:

(a) Persons Required to Be Joined if Feasible.
   (1) Required Party. A person who is subject to service of process and whose joinder
      will not deprive the court of subject-matter jurisdiction must be joined as a party
      if:
    (A) in that person's absence, the court cannot accord complete relief among existing
       parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated
       that disposing of the action in the person's absence may:
      (i) as a practical matter impair or impede the person's ability to protect the interest;
       or
      (ii) leave an existing party subject to a substantial risk of incurring double, multiple,
       or otherwise inconsistent obligations because of the interest.
   (2) Joinder by Court Order. If a person has not been joined as required, the court must
      order that the person be made a party. A person who refuses to join as a plaintiff
      may be made either a defendant or, in a proper case, an involuntary plaintiff.

. . .

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible
cannot be joined, the court must determine whether, in equity and good conscience, the
action should proceed among the existing parties or should be dismissed. The factors for
the court to consider include:
  (1) the extent to which a judgment rendered in the person's absence might prejudice that
     person or the existing parties;
  (2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;
  (3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. . . .

Fed. R. Civ. P. 19.

A defendant's motion to dismiss based on Rule 19 requires the court to engage in three successive inquiries. *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). First, the court determines whether an absent nonparty qualifies as a person "required to be joined if feasible" under Rule 19(a).[1]  *Id.*   If the nonparty meets the requirements of Rule 19(a), the second step requires the court to determine whether it is feasible to order that the nonparty be joined.  *Id.*  If joinder is not feasible, the court continues to the third step, determining under Rule 19(b) whether the case can proceed without the nonparty or whether the action must be dismissed.  *Id.*; Fed. R. Civ. P. 19(b). Four factors are relevant to that inquiry: (1) the extent to which a judgment rendered in the nonparty's absence might prejudice that nonparty or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the nonparty's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b). Dismissal is required only when the nonparty has an interest "'of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good

---

[1] While a former version of Rule 19 referred to "necessary" and "indispensable" parties, the current rule refers instead to "persons required to be joined if feasible" and persons required to be joined but in whose absence the action should not proceed. *Peabody W. Coal Co.*, 610 F.3d at 1078 n.1.  The meaning of Rule 19, however, remains unchanged. *Id.* at 1077.

conscience.'" *Id.* (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1855)). The moving party has the burden to show that dismissal is required under Rule 19. *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).

## DISCUSSION

In this motion, Dent argues that because the United States seeks payment of taxes owed by the Weathers, the Weathers have an interest relating to the subject of the action and are therefore indispensable parties. Dent further contends that the United States' failure to join the Weathers should result in the dismissal of its complaint. Although Dent's commonsense approach to the Weathers' role in this litigation is understandable, Rule 19 does not require dismissal here.

Fundamentally, Dent's motion fails because the Weathers are not individuals "required to be joined if feasible." Fed. R. Civ. P. 19(a). According to Rule 19(a)(1), a nonparty is deemed to be "required to be joined if feasible" in either of two circumstances. The first circumstance occurs when the nonparty's absence prevents the existing parties from gaining complete relief. Fed. R. Civ. P. 19(a)(1)(A). The second circumstance occurs when the nonparty claims an interest relating to the subject of the action and the disposition of the action in the nonparty's absence may either impair or impede the nonparty's ability to protect that interest or create a substantial risk of double, multiple, or otherwise inconsistent obligations for the existing parties. Fed. R. Civ. P. 19(a)(1)(B). Neither of these circumstances apply here.

First, the absence of the Weathers in this case will not prevent the United States from

gaining complete relief because the United States' single claim for relief concerns defendants' personal liabilities under 26 U.S.C. § 6332.   The language of that statute explicitly imposes personal liability for a custodian's failure to surrender property subject to a tax levy.  26 U.S.C. § 6332(d)(1) ("[a]ny person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable *in his own person and estate* to the United States in a sum equal to the value of the property or rights not so surrendered") (emphasis added); 26 U.S.C. § 6332(d)(2) ("if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, *such person shall be liable* for a penalty equal to 50 percent of the amount recoverable under paragraph (1)") (emphasis).  The Supreme Court also confirms that Section 6332 creates personal liability for failure to honor a tax levy.  *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720-721 (1985) (because the government's act of providing notice of a tax levy to the custodian of the taxpayer's property essentially delivers that property into the constructive possession of the government, a custodian who refuses to honor the levy "incurs liability to the Government for his refusal.") Thus, by allegedly refusing to honor the IRS' tax levies here, 911 Management and Dent potentially incurred new personal liabilities pursuant to 26 U.S.C. § 6332 that the United States can recover even though the Weathers are not parties to this action.

Second, Dent has failed to make a showing that the Weathers have a claim of interest in this proceeding.  The requisite interest must be one that is "legally protected."  *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  A legally protected interest need not constitute property in the sense of the due process clause, but must be more than a financial stake

or the mere speculation about a future event.  *Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 970 (9th Cir. 2008).  Although Dent argues that the Weathers have a claim of interest in this proceeding because they control a 60% stake in 911 Management, I disagree.  The United States' success in this action would not impose any additional legal or financial liability on the Weathers personally, since the complaint only seeks relief against 911 Management and Dent.  Even though the district court previously found that 911 Management was indeed the nominee and alter ego of the Weathers for the purposes of the IRS' tax levy of 911 Management's bank account, *see* 657 F. Supp. 2d at 1214-15, that finding does not necessarily imply that a judgment against 911 Management in this case could be enforced against the Weathers personally.  In fact, one can assume that the IRS pursued a tax levy on 911 Management's distributions to the Weathers' precisely because the IRS' previous efforts to collect directly from the Weathers were ineffective.

At most, the Weathers' have a purely financial stake in the litigation.  If the United States prevails, 911 Management will be liable for the amount of the Weathers' income that it failed to surrender from February 20, 2008 onwards as well as a 50% penalty on that amount.  This liability could, in turn, diminish 911 Management's capacity to distribute future income to the Weathers, assuming that 911 Management even exists to distribute such income.[2]  This, after all, is the ostensible purpose of the tax levy: to recoup the unpaid taxes by effectively garnishing the

_____

[2] Dent asserts in his briefing that 911 Management was dissolved on August 24, 2010, approximately one week before commencement of this action.

Page 8 - FINDINGS AND RECOMMENDATION

Weathers' income. The Weathers' potential financial stake in this action is insufficient under Rule 19(a) to qualify as an "interest relating to the subject of the action."[3]

Because neither of the two circumstances described by Rule 19(a) applies to this case, the Weathers are not "persons required to be joined if feasible," formerly described as "necessary" parties. Consequently, Dent's motion to dismiss should be denied. *See Makah Indian Tribe*, 910 F.2d at 559 (only if absent parties are "necessary" and cannot be joined must the court continue the inquiry to determine whether the case should be dismissed under Fed. R. Civ. P. 19(b)).


**CONCLUSION**

For the foregoing reasons, Daniel Dent's motion to dismiss for failure to join an indispensable party (#3) should be denied.


**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

*//*

---

[3] Moreover, even if Dent had shown the Weather's stake in 911 Management amounted to a legally protected interest, Dent has not satisfied the second prong of Rule 19(a)(1)(B), that proceeding in this case without the Weathers would either impair or impede their interest or create a substantial risks of double, multiple, or otherwise inconsistent obligations for Dent or 911 Management.


Page 9 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 18th day of January, 2011.

Honorable Paul Papak
United States Magistrate Judge