IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE UNITED STATES OF AMERICA,

Plaintiff,

3:10-cv-01367-PK

OPINION AND ORDER

911 MANAGEMENT, LLC;
DANIEL DENT,

Defendants.

PAPAK, Judge:

The United States of America ("United States") brings this action against 911 Management, LLC ("911 Management") and its manager Daniel Dent arising out of their failure to honor a tax levy issued by the Internal Revenue Service ("IRS"). This Court has already entered default against 911 Management, which failed to respond to the United States' complaint. The United States alleges that, pursuant to 26 U.S.C. §6332, Dent is liable to the

United States for the value of property he failed to surrender under the tax levy and for an additional 50% penalty on that amount for refusing to honor the levy without reasonable cause. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402. Now before the Court is Dent's motion to modify this court's scheduling order and amend his answer to include advice of counsel as an affirmative defense. (#30.) I have considered all of the parties' submissions in the matter. For the reasons discussed below, the motion is denied.

**BACKGROUND**

On November 16, 2010, the United States filed this action alleging that Dent, the sole manager of 911 Management, failed to honor a tax levy relating to unpaid federal income tax liabilities of Thomas and Kathy Weathers from tax years 1996 and 1998-2006. (Compl., #1.) The complaint alleges that in February 2008 the IRS served Dent with a notice of levy demanding 911 Management surrender all existing and future wages, salaries, commissions, or other income that it was obligated to pay the Weathers. (Compl., #1, ¶¶ 11-12.) Subsequently, the IRS served Dent with a final demand for payment, which warned that if 911 Management did not pay, the IRS could sue 911 Management and Dent under 26 U.S.C. § 6332 for failure to honor the levy. *Id.* at ¶¶13,16. Dent did not surrender the Weathers' income. *Id.* at ¶19.

Dent initially proceeded in this action *pro se*, moving to dismiss the complaint for failure to join the Weathers as indispensable parties. (#3.) This Court recommended Dent's motion be denied and the District Court adopted that recommendation. (#15, #23.) On February 8, 2011, this Court entered a scheduling order setting March 30, 2011 as the deadline to file all pleadings in the case. (#18.) A month later, on March 9, 2009, Gary Kahn entered an appearance as counsel for Dent. (#22.) On March 29, 2009, Dent filed an unopposed motion for an extension

of time to file and answer, which the Court granted, setting April 13, 2011 as the new deadline for Dent's answer. (#27.)

On April 13, 2011, Dent filed an answer that did not include any affirmative defenses and did not allege Dent relied on advice of counsel in failing to honor the levy at issue. (#28.) Similarly, on May 2, 2011 Dent responded to the United States' interrogatories, failing to list advice of counsel as one of the bases for his defenses or 911 Management's attorney Mark Sellars as a person with knowledge of his defenses. (Harrington Decl., #35, Ex. 1.) Dent also neglected to list Sellars as an individual "likely to have discoverable information that [Dent] may use to support [his] defenses" in Dent's Rule 26(a)(1) initial disclosures. (Harrington Decl., #35, Ex. 2.)

The parties scheduled a deposition of Dent for July 26, 2011, approximately three weeks before the close of discovery. Shortly before the deposition, Dent's attorney Gary Kahn learned that one of the bases for Dent's failure to honor the levy was advice he received from counsel. (Kahn Decl., #32, ¶5.) Several times during the deposition, Dent stated that part of his reason for failing to honor the levy was his reliance on advice of counsel. (Harrington Decl., #35, Ex. 3 at 36-37, 46-47, 50, 56, 85.) When counsel for the United States first questioned Dent about the content of his discussion with 911 Management's attorney, counsel for Dent objected on the basis of attorney-client privilege and instructed Dent not to answer. *Id.*, Ex. 3 at 36-37. A few days later, on August 1, 2011, counsel for the United States informed Dent's counsel that it would move to strike any mention of advice of counsel, since Dent failed to plead it as an affirmative defense. (Kahn Decl., #32-1.) The United States also insisted that to the extent Dent relied on advice of counsel as a defense or "reasonable cause" for failing to honor the levy, he

had waived the attorney-client privilege on that topic. *Id.* Approximately two weeks later, on August 16, 2011, Dent filed the current motion to modify the scheduling order and for leave to amend his answer to plead the affirmative defense of advice of counsel. (#30.)

**LEGAL STANDARDS**

When the court has entered a pretrial scheduling order pursuant to Rule 16 establishing a deadline for amending pleadings, a party seeking to amend pleadings after the expiration of that deadline must first satisfy the requirements of Rule 16(b) for a modification of the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). Specifically, the party must show "good cause" for not amending before the time specified. *Id.* at 608; Fed. R. Civ. P. 16(b)(4). Unlike the liberal Rule 15 standard for amendment of pleadings, Rule 16(b)'s "good cause" standard focuses primarily on the diligence of the party seeking the amendment. *Id.* at 609. If the party seeking amendment was not diligent, the court must deny the party's motion. *Id.*

Even if good cause exists, the party must also demonstrate that amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. Leave to amend is within the discretion of the trial court, but that discretion "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). "A district court may, however, take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id.* (citation omitted). Of these factors, the most important is the potential for prejudice to opposing parties. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971). While futility

alone provides sufficient grounds for denying a motion to amend, *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), undue delay by itself cannot justify denial of a motion to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). "An outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citation omitted).

**DISCUSSION**

Dent argues that good cause exists for his failure to amend his answer before the April 13, 2011 deadline for three reasons. First, Dent notes that his counsel had only a month to prepare an answer after being hired. Second, Dent contends that his counsel diligently pursued filing of this motion to amend soon after learning that Dent relied on advice of counsel and discovering that the advice of counsel affirmative defense might need to be plead. Third, Dent contests that advice of counsel is an affirmative defense that must be plead.

By contrast, the United States argues that Dent should have amended his answer prior to his deposition, since his unprompted references to advice of counsel during that deposition suggests he was aware of this defense much earlier. In fact, United States notes that Dent allegedly received advice from 911 Management's attorney concerning the levy in February 2008, years before this action was even filed. Additionally, the United States suggests that Dent or his attorney was not diligent because Dent failed to mention advice of counsel in his interrogatory responses in May 2011. Finally, the United States argues that Dent has also failed to demonstrate good cause for reopening discovery under Fed. R. Civ. P. 16(b)(4), which would be required if Dent were allowed to amend his answer.

As an initial matter, I do not find a lack of diligence on the part of Dent himself while he proceeded *pro se*. In cases involving *pro se* plaintiffs, courts typically find a lack of diligence where the plaintiffs fail to take a certain action after having been instructed by the court. *See Cano v. Schriro*, 236 F.R.D. 437 (D. Ariz. 2006) (failure to file an amended complaint after being given an additional six months in which to do so); *DeWitt v. Hutchins*, 309 F. Supp. 2d 743 (M.D. N.C. 2004) (failure to seek leave to amend after being required to do so in scheduling order). Dent, as a layperson, could not have been expected to determine whether advice of counsel was an affirmative defense that should be plead in response to an allegation of failure to honor a tax levy under 26 U.S.C. § 6332(d).

The same does not hold for Dent's lawyer Gary Kahn. I find that two aspects of Kahn's representation evidence a lack of diligence. First, it troubling that Kahn did not even learn of Dent's advice of counsel argument until the eve of Dent's deposition. Since Dent's deposition testimony immediately revealed that his reliance on advice of counsel was a major reason for his failure to respond to the levy, it seems likely that Dent would have also discussed that topic with Kahn if Kahn conducted a basic client interview or consulted with Dent about the content of his interrogatory responses. Thus, had Kahn made the appropriate inquiries of his client in the first month of his representation, he likely would have discovered the advice of counsel defense in time to amend his answer before the court's deadline.[1]

Second, even upon learning of Dent's advice of counsel argument, Kahn did not

---

[1] Of course, it is possible that Kahn made the requisite inquiries but, for whatever reason, Dent neglected to inform Kahn of his reliance on advice of counsel until just prior to his deposition. If that is the case, Dent's own lack of diligence indicates there is no good cause for modifying the Court's scheduling order.

immediately seek to amend Dent's answer. Instead, he waited until the United States threatened to move to strike any reference to that theory before filing the present motion. Kahn's reliance on others to raise the deficiency of his client's pleading also indicates a lack of diligence. *See Hansen v. Schubert*, 459 F. Supp. 2d 973, 1001 (E.D. Cal. 2006) (counsel for plaintiff was not diligent when he failed to request leave to amend until after the court pointed out the deficiency of plaintiff's complaint in summary judgment order). In sum, Kahn's conduct does not show the type of diligence required for a finding of good cause to modify this court's scheduling order. *See Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

Even if good cause exists to modify the order, I would still decline to grant Dent's motion because Dent also cannot satisfy the Rule 15 standard to amend his answer. First, Dent does not submit a proposed answer as an exhibit to his motion, as required by Local Rule 15.1. *See* L.R. 15.1(d)(1). This omission prevents the court from analyzing with certainty whether amendment is appropriate under Rule 15. *See Mahler v. Bednarz*, 2007 WL 2769000, at *1 (D. Or. Sept. 18, 2007) (denying motion for leave to file an amended complaint because failure to file a copy of the proposed pleading as required by LR 15.1(d)(1) prevented the court from assessing the propriety of granting leave).

There is a more fundamental flaw in Dent's motion, however, that is apparent even without the benefit of Dent's proposed answer. In particular, Dent's attempt to plead advice of counsel as an affirmative defense in this case is futile. The parties disagree about whether advice

of counsel must be pled as an affirmative defense. The United States views advice of counsel as a theory that generally must be asserted as an affirmative defense, citing *Ashby v. Farmers Ins. Co. of Oregon*, 2006 WL 6036462, at *4 (D. Or. Feb. 28, 2006), while Dent argues that *Ashby* does not necessarily require advice of counsel to be plead as an affirmative defense.[2] But whether Dent *must* plead advice of counsel as an affirmative defense is the wrong question. Rather, the focus should be on whether Dent *may* plead that affirmative defense at all in this case. Indeed, the statutory and regulatory framework governing penalties for failure to honor a tax levy severely limits the defenses that may be offered, effectively excluding advice of counsel as a possible affirmative defense.

---

[2] In *Ashby*, Judge Brown granted defendant's request on reconsideration to amend its answer to allege advice of counsel as an affirmative defense in a Fair Credit Reporting Act action. There, she stated that "the advice-of-counsel defense is generally considered to be an affirmative defense," citing decisions from the Fifth and Third Circuits in support of this proposition, but also noting somewhat contrary holdings from the Ninth Circuit and the D.C. Circuit. 2006 WL 6036462, at *4 (D. Or. Feb. 28, 2006). More importantly, Judge Brown analyzed whether advice of counsel was an affirmative defense in the specific context of an action alleging defendant violated the Fair Credit Reporting Act (FRCA) by failing to provide plaintiffs with a legally sufficient adverse action notice informing them that their insurance premiums were being increased based on consumer credit reports. *Id.* at *4-5. Although she ultimately determined that advice of counsel was an affirmative defense in that context, Judge Brown nevertheless recognized "a lack of any consensus as to whether the advice-of-counsel defense generally should be pleaded affirmatively" in such cases. *Id.* Thus, Judge Brown concluded that defendant did not unduly delay asserting the advice of counsel defense and that defendant did not exhibit bad faith by failing to plead that defense earlier. *Id.* at *5. *Ashby* teaches two general principles, neither of which is dispositive here: (1) whether advice of counsel must be plead as an affirmative defense depends crucially on the particular cause of action alleged; and (2) when existing case law is unsettled or non-existent on that question, defendant does not exhibit undue delay or bad faith by failing to initially plead advice of counsel as an affirmative defense.

The parties seem to agree that Dent's purported reliance on advice of counsel is relevant only to the United States' allegation that Dent is liable for a 50% penalty under 26 U.S.C. § 6332(d)(2) because he did not have reasonable cause to disregard the tax levy.[3] (Compl., #1, ¶23.) The Internal Revenue Code, 26 U.S.C. § 6332(d)(2), provides that "if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property *without reasonable cause*, such person shall be liable for a penalty equal to 50 percent" of the value of the property not surrendered. *Id.* (emphasis added). The Treasury Department regulations and the legislative history addressing the penalty provision of the levy statute dictate that there are only two situations constituting "reasonable cause." *See United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1331 (9th Cir. 1990); *United States v. Metro Interior, Inc.*, 1992 WL 464226, at *4 (W.D. Mo. Oct. 5, 1992). Reasonable cause for failure to honor a tax levy exists only when there is a bona fide dispute over: (1) "the amount of property to be surrendered pursuant to a levy;" or (2) "the legal effectiveness of the levy." 26 C.F.R. § 301.6332-1(b)(2); *accord* S.Rep. No. 1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 3722, 3740 (Senate Report accompanying the Tax Lien Act of 1966 stating that "it is intended that a bona fide dispute over the amount owing to the taxpayer (by the property holder) or over the legal effectiveness of the levy itself is to constitute reasonable cause under [§ 6332(d)(2) ]"). The Supreme Court also recognizes the limited number of defenses to an action for failure to honor a

---

[3] There is no suggestion that Dent's purported reliance on advice of counsel could relieve him from liability under 26 U.S.C. § 6332(d)(1) for the value of the property that he failed to surrender under the levy.

tax levy, although it adapts these two defenses to the more specific context of a bank defendant resisting a levy. *See United States v. National Bank of Commerce*, 472 U.S. 713, 727 (1985) ("a bank served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of property of the taxpayer, or that the property is subject to a prior judicial attachment or execution.")

Consequently, the few cases where courts have found reasonable cause for failure to honor a levy involve an unsettled question of law concerning either the amount to be surrendered or the effectiveness of the levy. *See, e.g., Texas Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 160–161 (5th Cir. 1990) (holding that a meritorious wrongful levy action instituted prior to the surrender of levied property constituted reasonable cause to dishonor the levy for purposes of the 50% penalty clause); *United States v. Citizens & S. Nat'l Bank*, 538 F.2d 1101, 1107 (5th Cir. 1976) (finding that reasonable cause existed when there was a bona fide dispute over whether a deposit in the taxpayer's bank account was actually the property of the taxpayer at the time of the levy); *United States v. Sterling Nat'l Bank & Trust Co. of New York.*, 494 F.2d 919, 923 (2d Cir. 1974) (finding reasonable cause and reversing imposition of 50% penalty where some case law supported the bank's position that the deposit it held was not the property of the taxpayer); *c.f. United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1332 (9th Cir. 1990) (affirming district court's finding that misidentification of taxpayer in notice of levy and final demand notice did not call into question the legal effectiveness of the levy and therefore was not reasonable cause for failure to honor the levy). It is not surprising then that I find no case – and

the parties cite none– where a court has found advice of counsel alone to constitute reasonable cause to dishonor a levy when there is no bona fide legal question concerning the amount of property owed or the effectiveness of the levy.

It is true that reliance on a fully informed, competent tax professional can constitute reasonable cause for failure to file a tax return or failure to pay a tax. Jacob Mertens, Jr., 14A Mertens Law of Fed. Income Taxation § 55:17 (rev. 2011). Nevertheless, there are good reasons not to import the advice of counsel defense into the tax levy context. In discussing the tax levy provisions, the Supreme Court observed that "[t]he underlying principle justifying the administrative levy" is "the need of the government promptly to secure its revenues." *Nat'l Bank of Commerce*, 472 U.S. at 721 (quoting *Phillips v. Commissioner*, 283 U.S. 589, 596 (1931)). Consequently, " the existence of the levy power is an essential part of our self-assessment tax system" because it "enhances voluntary compliance in the collection of taxes. " *Id.* (quoting *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350 (1977)). Thus, as one district court explained, the exceptions to the penalty for failure to honor a levy under § 6332(d)(2) should be narrowly construed "in order to secure the efficiency and cost effectiveness of the levy as a tax collection device." *States v. AmSouth Bank of Florida*, 947 F. Supp. 459, 462 (M.D. Fla. 1996); *c.f. United States v. MPM Fin. Group, Inc.*, 215 F. App'x 476, 481 (6th Cir. 2007).

In sum, reliance on the advice of counsel is not one of the two recognized exceptions to the §6332(d)(2) penalty provision. That Dent allegedly relied on advice of counsel in declining to honor the levy is immaterial, since Dent's mental state is not at issue in this action. If Dent indeed

relied on faulty advice from an attorney, he may choose to file a separate legal malpractice action against that attorney. But Dent's alleged reliance on advice of counsel does not create an unsettled question of law concerning the amount to be surrendered or the effectiveness of the levy, the only possible defenses to the penalty provision. Accordingly, I find Dent's proposed amendment to add advice of counsel as an affirmative defense to be futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). Since futility of an amendment alone is sufficient justification to deny leave to amend under Rule 15, I need not analyze the other relevant factors. *See Johnson*, 356 F.3d at 1077.

**CONCLUSION**

For the foregoing reasons, defendant Daniel Dent's motion to modify the Court's scheduling order and for leave to amend (#30) is denied.

IT IS SO ORDERED.

Dated this 4th day of October, 2011.

Paul Papak
Honorable Paul Papak
United States Magistrate Judge