IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE UNITED STATES OF AMERICA,    3:10-CV-1367-PK

    Plaintiff,    ORDER

v.

911 MANAGEMENT, LLC,
and DANIEL DENT;

    Defendants.

S. AMANDA MARSHALL
United States Attorney
1000 S.W. Third Avenue, Ste 600
Portland, OR 97204-2024
(503) 727-1000

KATHRYN KENEALLY
Assistant Attorney General
LAUREN M. CASTALDI
QUINN P. HARRINGTON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 514-9668

    Attorneys for Plaintiffs

1 - ORDER

**GARY K. KAHN**
Reeves, Kahn, Hennessy & Elkins
4035 S.E. 52nd Ave.
P.O. Box 86100
Portland, OR 97286
(503) 777-5473

    Attorneys for Defendants

**BROWN, Judge.**

    On November 28, 2012, Magistrate Judge Paul Papak issued a Findings and Recommendation (#109) recommending the Court **GRANT** Defendant Daniel Dent's Motion (#92) Motion for Partial Summary Judgment that Dent is not liable for a 50% penalty based on his alleged failure to honor the tax levies issued by the Internal Revenue Service.

    For the reasons that follow, the Court **DECLINES TO ADOPT** Magistrate Judge Papak's Findings and Recommendation (#109) and **DENIES** Dent's Motion (#92) for Partial Summary Judgment.

## PROCEDURAL HISTORY

    On June 27, 2012, this Court issued an Order (#87) adopting the Magistrate Judge's Findings and Recommendation (#70) and thereby granted in part and denied in part the government's Motion (#46) for Summary Judgment to the extent that Defendant Dent was found to be liable for unpaid tax liabilities but not liable for a 50% penalty resulting from his failure to honor tax

2 - ORDER

levies on tax liabilities owed by Thomas and Kathy Weathers that totaled $129,205 at the time. The Court also adopted the Magistrate Judge's Finding and Recommendation denying Defendant's Motion (#55) for Partial Summary Judgment.

On July 5, 2012, the parties filed a Joint Motion (#87) for Clarification of the Court's ruling as to the 50% penalty issue based on the government's assertion that the issue should be submitted to a trier of fact.

On July 31, 2012, this Court issued Order (#89) clarifying that its earlier Order (#87) was premature as to the 50% penalty issue. The Court ordered stricken the part of the Court's earlier Order in which the Court concluded Dent was not liable for a 50% penalty for failure to honor tax levies and referred that issue back to the Magistrate Judge. The Magistrate Judge then ordered the parties to submit briefing on that issue; *i.e.*, whether disputes of material fact exist that necessarily preclude summary judgment as to Dent's alleged liability for a 50% penalty.

On November 28, 2012, the Magistrate Judge issued a Findings and Recommendation in which he again found Dent is not liable to pay the 50% penalty because "arguably ambiguous language in the [IRS] levy provided Dent with reasonable cause to resist the levies." The purportedly "ambiguous language" in the levy

3 - ORDER

notices pertains to whether the language conflicted with the notice instructions and thereby "creat[ed] the impression that the levy only attached to funds owed at the time of the levy and failed to reach ongoing payments." The Magistrate Judge found the purported ambiguity provided Dent as a matter of fact and of law with "reasonable cause to resist the levies."

Thus, the Magistrate Judge rejected the government's argument that there were genuine disputes of material fact that a jury should decide as to whether Dent had reasonable cause not to honor the levies.

## STANDARDS

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

## DISCUSSION

The sole issue is whether a genuine dispute of material fact precludes summary judgment as to whether Dent had reasonable cause not to honor the two notices of tax levies issued by the

Internal Revenue Service (IRS) and, therefore, whether Dent is subject to a 50% tax penalty under the Internal Revenue Code, 26 U.S.C. § 6332.

1. **Summary Judgment Standards**.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, No. 09-36109, 2011 WL 723101, at *8 (9th Cir. Mar. 3, 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)(citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all

reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1987)). *See also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

2. **Federal Income Tax Levy Penalty**.

   a. **The Law**.

A court must impose a 50% penalty if a person does not honor a tax levy without "reasonable cause." 26 U.S.C. § 6332(c)(2). No penalty may be imposed "in cases where [a] bona fide dispute exists concerning the amount of the property to be surrendered pursuant to a levy or concerning the legal effectiveness of the levy.'" *U.S. v. Donahue Indus., Inc.*, 905 F.2d 1325, 1331 (9th Cir. 1990). "Serious deficiencies in the levy notices may call into question the legal effectiveness of the levy, and give reasonable cause for failing to honor the levy." *Id.* at 1332.

   b. **Analysis**.

Defendant Dent argued and the Magistrate Judge agreed the language in the levy notices and levy-notice instructions was ambiguous and that the language suggested the levies might only attach to funds owed at the time of the levies and not apply to ongoing payments. Dent argued and the Magistrate Judge agreed the ambiguity of the notice language was a sufficient basis, standing alone, for Dent not to honor the levies.

In setting out the background of this case, the Magistrate Judge noted Dent relied on advice of counsel that the notices of levy were not effective to attach ongoing monthly payments. The record reflects, however, Dent also had ongoing conversations

with IRS officials who asserted the levy notices were enforceable. Despite those conversations, it appears that Dent continued to resist making payments to the IRS and continued to make payments to the Weathers.

The Court agrees with the government that there are genuine disputes of material fact that remain unresolved as to the purpose and reasonableness of Dent's conduct in refusing to honor the IRS levies. As noted, the Court must draw all reasonable inferences in favor of the government, the nonmoving party, when considering Dent's pending Motion for Partial Summary Judgment,

On this record the Court concludes there are genuine disputes of material fact as to whether Defendant Dent is liable for a 50% penalty based on his alleged failure to honor tax levies issued by the IRS. The Court, therefore, denies Dent's Motion (#92) for Partial Summary Judgment.

### CONCLUSION

For these reasons, the Court **DECLINES to adopt** Magistrate Judge Papak's Findings and Recommendation (#109) and **DENIES** Defendant Daniel Dent's Motion (#92) Motion for Partial Summary Judgment.

Because a trial is necessary to resolve this issue of fact and there has not been full consent to proceed before a

magistrate judge, the Court directs the Clerk to re-assign this matter to the undersigned judicial officer for all purposes and to schedule the matter for a Rule 16 conference to set a trial date.

    IT IS SO ORDERED.

    DATED this 23rd day of January, 2013.

                                  /s/ Anna J. Brown
                                  ANNA J. BROWN
                                  United States District Judge