IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**THE UNITED STATES OF AMERICA,**                    3:10-CV-01367-BR

       Plaintiff,                                    OPINION AND ORDER

v.

**911 MANAGEMENT, LLC,** and
**DANIEL DENT,**

       Defendants.


**LAUREN MARIE CASTALDI**
United States Department of Justice
Tax Division
Civil Trial Section, Western Region
P.O. Box 683
Washington, DC 20044
(202) 514-9668

**QUINN P. HARRINGTON**
United States Department of Justice
Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
202-514-6507

       Attorneys for Plaintiff

1   - OPINION AND ORDER

**GARY K. KAHN**
**MARTIN W. REEVES**
Reeves Kahn, Hennessy & Elkins
4035 SE 52nd Ave.
P.O. Box 86100
Portland, OR 97286-0100
(503) 777-5473

       Attorneys for Defendant Dent

**BROWN, Judge.**

      This matter comes before the Court to resolve the issue raised in the parties' Joint Status Report (#122) as to whether Defendant Daniel Dent may present certain "advice of counsel" evidence at trial. For the reasons that follow, the Court concludes additional information and argument is needed before the Court can determine whether Dent has any admissible purpose for offering such evidence other than to support an affirmative defense of advice of counsel which, as noted below, is foreclosed as a matter of law.

## BACKGROUND

      On November 5, 2010, Plaintiff United States commenced this collection action against Defendant 911 Management, LLC, and its manager, Defendant Daniel Dent, pursuant to 26 U.S.C. § 6332(d)(1) for the value of property that Defendants allegedly

failed or refused to surrender pursuant to an Internal Revenue Service (IRS) levy issued in February 2008 to collect certain unpaid federal income-tax liabilities of Thomas and Kathy Weathers and for an additional 50% penalty pursuant to 26 U.S.C. § 6332(d)(2) for Defendants' alleged failure to surrender the levied property or rights thereto "without reasonable cause."

911 Management did not appear, and a default Order (#12) was entered against it in January 2011.  Dent timely appeared *pro se* via a Motion to Dismiss, and the Court denied that Motion on March 23, 2011.  Thereafter Attorney Gary K. Kahn appeared as Dent's counsel and filed an Answer (#28) on April 13, 2011, in the nature of a general denial without any affirmative defenses and sought an award of costs and attorneys' fees.

In the course of ensuing discovery and Dent's deposition, Kahn determined it would be appropriate to amend Dent's Answer to assert an advice-of-counsel defense, and he filed a Motion (#32) on August 16, 2011, for leave to do so when it became apparent that Plaintiff objected to the amendment.  Magistrate Judge Paul Papak considered the parties' written and oral arguments advancing various grounds, and on October 4, 2011, Judge Papak entered an Order (#40) denying leave to amend as "futile."  Judge

Papak concluded advice-of-counsel is not one of the two[1] recognized bases of the "reasonable cause" exception to the 50% penalty under § 6332(d)(2).

Thereafter Plaintiff and Dent each filed cross-Motions for Summary Judgment. While the Motions were pending, the Court entered a Default Judgment (#64) on January 10, 2012, against 911 Management.

On March 29, 2012, after oral argument on the parties' cross-motions, Judge Papak entered his Findings and Recommendation (#70) in which he recommended the Court (1) grant Plaintiff judgment against Dent for the value of the property that he failed to surrender pursuant to § 6332(d)(1); (2) deny Plaintiff's 50% penalty claim against Dent in light of ambiguous language that Plaintiff used in the levies which Judge Papak concluded raised a *bona fide* dispute about the amount of property to be surrendered, and, in turn, reasonable cause for Dent to dispute the levy as a result of which Dent should not be liable for the 50% penalty; and (3) deny Dent's cross-motion. Judge

---

[1] "Reasonable cause for failure to honor a tax levy exists only when there is a bona fide dispute over: (1) 'the amount of property to be surrendered pursuant to a levy;' or (2) 'the legal effectiveness of the levy.' 26 C.F.R. § 301.6332-1 (b)(2); *accord* S.Rep. No. 1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Admin. News 3722, 3740 (Senate Report accompanying the Tax Lien Act of 1966 stating that 'it is intended that a bona fide dispute over the amount owing to the taxpayer (by the property holder) or over the legal effectiveness of the levy itself is to constitute reasonable cause under [§ 6332( d)(2)]')." Opin. and Order at 9 (Papak, M.J.)(issued Oct. 4, 2011).

4   - OPINION AND ORDER

Papak concluded "[j]udgment should be entered in favor of the United States and against Daniel Dent in the amount of the outstanding balance of the unpaid tax liabilities for which the levies were issued, plus any statutory accruals and interest," but not for the 50% penalty.

Both parties objected to these Findings and Recommendations. Plaintiff asserted it was legally erroneous to conclude that there was a *bona fide* dispute about the legal effectiveness of the levy or the amount of property to surrender and erroneous to conclude that Dent had established "reasonable cause" precluding the 50% penalty. Alternatively, Plaintiff contended it was inappropriate for the Court to "defer" to Dent's varying *post hoc* justifications for his failure to honor the levies, and, therefore, there was, at a minimum, an issue of fact that precluded summary judgment in Dent's favor on the 50% penalty issue.

Dent contended it was erroneous to conclude as a matter of fact and law that he should be required to pay the value of the property withheld from the levy and, implicitly, to be required to pay a 50% penalty.

Although this Court initially issued an Order (#87) adopting the Magistrate Judge's Findings and Recommendation in their entirety, the Court reconsidered the matter after the parties' joint request for clarification. On July 31, 2012, the Court

5    - OPINION AND ORDER

issued an Order (#89) clarifying that the then-existing record did not support judgment *against Plaintiff* on the 50% penalty issue because Dent did not move for summary judgment on that issue. The Court, therefore, withdrew its prior Order (#87) to that extent and referred the matter back to Judge Papak for formal consideration and resolution of that issue.

Dent then moved for partial summary judgment on the 50% penalty issue. On November 28, 2012, Judge Papak issued additional Findings and Recommendation (#109) in which he concluded there were not any disputes of material fact and Dent was entitled to judgment against Plaintiff on the 50% penalty issue. In particular, Judge Papak concluded as a matter of law that "the levy notices contained serious deficiencies that created a bona fide dispute about the legal effectiveness of those levies," and the language in the levies "was capable of confusing any layperson about the extent to which recurrent monthly obligations were attached" and creating "an objective ambiguity about the effect of the levy itself" that sufficed as "reasonable cause" as a matter of law. Judge Papak, however, noted he did not find it necessary to consider Dent's advice-of-counsel arguments.

Plaintiff objected to the Findings and Recommendation. On its review of the Findings and Recommendation, this Court found (#116) there were factual inferences which could be drawn in Plaintiff's favor "as to the purpose and reasonableness of Dent's conduct in refusing to honor the IRS levies." Accordingly, the Court declined

6    - OPINION AND ORDER

to grant summary judgment in Dent's favor.

The matter is now re-assigned to this judicial officer. In connection with a Rule 16 Conference to set a trial date, the Court directed the parties to submit a Joint Status Report reflecting their jointly proposed case-management schedule. As noted, in that Report (#122) the parties summarize their dispute as to whether Dent may present certain advice-of-counsel evidence at trial.

## **DISCUSSION**

The question whether Dent may proceed with an advice-of-counsel affirmative defense has already been resolved against him, and this Court reaffirms and adopts Judge Papak's reasoning (#40) that such a defense is not one of the two, well-recognized bases to excuse a failure to surrender levied property on "reasonable cause." Accordingly, trial will proceed on the 50% penalty issue without reference to any such affirmative defense.

Judgment having already been granted against Dent for the value of the property he failed to surrender, Dent has the burden to prove at trial that he had "reasonable cause" not to honor the levies, and, as noted, a jury must resolve the factual reason as to why Dent did not do so. With respect to advice-of-counsel evidence, the question is whether there is any relevant basis (other than the foreclosed advice-of-counsel affirmative defense)

for Dent to offer evidence that he relied on or considered such advice when he declined to honor the levies.

To ensure the Court understands any admissible purpose(s) for which Dent proposes to offer evidence that he relied on advice of counsel when he decided not to honor the levies, the Court requires the following:

**No later than May 6, 2013,** Dent shall file a memorandum not to exceed ten (10) pages specifying how such evidence might bear on the "reasonable cause" issue to be tried.

If Dent contends his subjective mental state in deciding not to honor the levies is relevant and admissible, and, therefore, that the fact he may have considered advice of counsel in reaching that subjective mental state is also relevant and admissible, then Dent must provide legal authority for that proposition.  If Dent contends there are any other admissible purposes for which advice-of-counsel evidence is relevant and admissible, he must separately state each such purpose together with legal support therefor.

**No later than May 28, 2013,** Plaintiff may file an opposition memorandum not to exceed ten (10) pages responding to Dent's arguments as to the admissibility of this type of evidence.

8   - OPINION AND ORDER

The Court will take this evidentiary issue under advisement on May 28, 2013.

IT IS SO ORDERED.

DATED this 19th day of April, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge